406 S.E.2d 451

**Edna V. HIVELY, Plaintiff Below, Appellee,**

v.

**Francis Kay MARTIN and Barbara Mays, Defendants below, Appellants.**

**No. 19692.**

Supreme Court of Appeals of West Virginia.

Submitted May 14, 1991.

Decided June 13, 1991.

William Crichton V, Parkersburg, for Hively.

Michael C. Farber, Sutton, for Martin and Mays.

PER CURIAM:

This case is before us on appeal from a default judgment order entered against Francis Kay Martin and Barbara Mays, defendants below, in the Circuit Court of Wood County on May 4, 1989. The defendants ask us to set aside the default judgment and order a trial on the merits. Edna V. Hively, the plaintiff below, argues that the default judgment should stand. For the reasons stated below, we set aside the default judgment and remand for trial on the merits.

The plaintiff is the former sister-in-law of the defendants, having been married to their brother, Edward Hively. The Hivelys divorced in 1978. The divorce decree incorporated a property settlement agreement under which both parties agreed to maintain mortgage life insurance policies on the marital home in which the plaintiff and their son would continue to live and to use the equity in the home to finance the son's education.

Mr. Hively died on January 3, 1989, shortly after which the plaintiff attempted to collect on the mortgage life insurance policy. She discovered that the original policy was no longer in effect, but that a whole life policy naming the defendants as beneficiaries had replaced it. On January 17, 1989, the plaintiff filed a declaratory judgment action against the defendants and State Farm Life Insurance Company seeking to have a constructive trust placed upon the policy proceeds for her benefit. (State Farm has since been held to be an innocent stakeholder. The company has deposited the policy proceeds with the circuit court and no longer has an interest in the litigation.)

The defendants were served with the complaint on January 23 and 27, 1989, and subsequently retained Michael Farber to represent them. On February 15, 1989, Mr. Farber filed a Notice of Bona Fide

Defense on behalf of the defendants, thereby extending the time to answer to thirty days under Rule 12(a) of the West Virginia Rules of Civil Procedure.[1]

On February 28, 1989, after the expiration of the thirty-day time period, Mr. Farber instructed his legal assistant to telephone the office of the plaintiff's attorney, William Crichton V, to request an extension of time to file. The legal assistant contacted Mr. Crichton's secretary who allegedly indicated that if there was a problem with the extension she would notify Mr. Farber's office.

On that same day, however, a Motion for Default pursuant to Rule 55b(2) of the West Virginia Rules of Civil Procedure was mailed from Mr. Crichton's office. In accordance with the rule, Mr. Farber was sent notice of the motion. On March 15, 1989, Mr. Farber filed an answer on behalf of the defendants. A hearing on the motion for default was held on March 17, 1989, before the Honorable Daniel B. Douglass, Judge of the Circuit Court of Wood County. On April 13, 1989, Judge Douglass disqualified himself after it was discovered that he had represented the plaintiff in the divorce and had drafted the separation agreement. The case was reassigned to the Honorable George W. Hill on April 21, 1989.

A default judgment order was entered by Judge Hill on May 4, 1989, declaring the right of the plaintiff to the life insurance proceeds. The order referenced a letter opinion, dated April 25, 1989, in which Judge Hill indicated that the default judgment was granted because Mr. Farber had no excuse for failing to comply with the filing deadline. He pointed out that Mr. Farber did not request the extension until after the time had expired and that when he did, rather than contact Mr. Crichton personally, he had his legal assistant telephone Mr. Crichton's secretary. Judge Hill further stated that Mr. Crichton had no duty to contact Mr. Farber to clear up his confusion.

■ Rule 55 of the West Virginia Rules of Civil Procedure allows for the entry of a default judgment against a party who has "failed to plead or otherwise defend as provided by these rules." Default is not, however, a favored means of disposition of a suit. As we stated in Syllabus Point 2 of *McDaniel v. Romano*, 155 W.Va. 875, 190 S.E.2d 8 (1972):

> "Although courts should not set aside default judgments or dismissals without good cause, it is the policy of the law to favor the trial of all cases on their merits."

We were confronted with a rather similar situation in *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979), where the defendant was sued on August 31, 1977, but did not file its answer until November 18, 1977. On November 16, 1977, the plaintiff had filed a motion for default judgment. This motion came on for hearing on January 27, 1978, and the circuit court granted the default. On appeal, we reversed and stated in Syllabus Point 3, as modified:

> "[The following factors should be considered by a court where there has been an appearance and late answer filed by the defaulting party]: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party."

■ When we consider the present case under these factors, we believe the trial judge erred in granting the default judgment. We find that any prejudice suffered by the plaintiff from the delay in answering was minimal. Mr. Farber requested the extension of time one day after expiration of the allotted time and actually filed his answer two weeks later. This was done before the hearing for the default judgment. This short delay did not prejudice the plaintiff's rights in any way. In

---

**1.** The relevant portion of Rule 12(a) of the Rules of Civil Procedure is:

"A defendant shall serve his answer within 20 days after the service of the summons upon him, unless before the expiration of that period he files with the court and serves on the plaintiff notice that he has a bona fide defense, and then his answer shall be served within 30 days after he was served[.]"

addition, we do not find that Mr. Farber was intransigent.

In analyzing the presence of material issues of fact and meritorious defenses, we find that material issues of fact appear to exist, although the sparseness of the factual record makes an ultimate evaluation difficult. There exists some evidence that the present policy was reissued based on the initial policy mentioned in the settlement agreement. This, however, would not necessarily establish the plaintiff's right to impress a trust unless it could be shown that the specific conditions of the settlement agreement were not met. The amount of the mortgage loan is not shown in the record. Moreover, the defendants questioned whether both parties had complied with the provision in paragraph 6 of the settlement agreement to the effect that both parties agreed "to pay and maintain their own mortgage life insurance premiums securing the loan in the above described property." There appear to be meritorious defenses and material issues of fact to be resolved such that the default judgment was inappropriate under *Parsons*.

For the foregoing reasons, the judgment of the Circuit Court of Wood County is reversed, and the case is remanded for a trial on the merits.

Reversed and remanded.