542 S.E.2d 909

**STATE of West Virginia and Mingo County Sheriff's Department, Petitioners below, Appellees,**

v.

**Jill BURGRAFF and Lots 221, 222, 223, S.D. 5, Red Jacket, and Improvements Thereon, Situated in Magnolia District, Mingo County, West Virginia, and More Particularly Described in Deed Book 280, Page 602, Respondent below, Appellant.**

No. 27716.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 24, 2000.

Decided Dec. 8, 2000.

Darrell V. McGraw, Jr., Esq., Attorney General, Barbara H. Allen, Esq., Managing Deputy Attorney General, Charleston, West Virginia, Attorneys for Appellees.

Diane Carter Wiedel, Esq., Williamson, West Virginia, Attorney for Appellant.

PER CURIAM:

### I.

In the instant case, the appellees, the State of West Virginia and the Mingo County Sheriff's Department, filed a forfeiture action pursuant to the provisions of *W.Va.Code,* 60A–7–703(a)(7) [1988] seeking to take ownership by forfeiture of a house and two adjoining lots that are owned by the appellant,

Jill Burgraff. The house and lots are located in the community of Red Jacket, West Virginia.

The house was the situs of marijuana sales by Ms. Burgraff's former husband, Danny Burgraff, who pled guilty to a felony drug delivery charge as a result of the sales and was sentenced to prison. The forfeiture action was tried before a jury, with the county prosecuting attorney representing the appellees in the trial. The jury decided that the appellant's property should be forfeited to the appellees.

The evidence at trial showed the following:

1. The appellant owned her house and lots before she married Danny Burgraff; there was no evidence at trial that Mr. Burgraff had furnished any money to acquire, maintain, or improve the house or property.

2. The appellant is disabled; her $494.00 monthly income is entirely from disability benefits.

3. The appellant was present during two marijuana sales that occurred in the house, but she did not actively participate in the sales. In one instance, the appellant said to the purchaser, a pregnant woman, "You don't fool with that stuff, do you?"

4. There was no evidence at trial that the appellant was a drug user or seller.

5. The two marijuana sales were for relatively small amounts of money. In the appellant's house, among her husband's personal effects, the police found a scale, several hundred dollars, and several small bags of marijuana.

6. The purchase deed for the appellant's house and two lots recited a consideration of $2,360.00; the actual value of her property was closer to $7,000.00. There was no evidence that the appellant has any other significant assets.

7. The appellant separated from and divorced Danny Burgraff after he was arrested. He served a sentence in prison and has been released. The appellant and Mr. Burgraff have not resumed a relationship.

At trial, the prosecuting attorney explained to the jury in his opening statement that the jury was being asked to seize property that represented the fruits of drug dealing. Specifically, the prosecutor stated:

... the Legislature of this state decided that one of the ways to deter drug transactions was to take away the fruits of drug dealing ... it is the policy that the ... government has adopted to deter drug dealing to take the fruits away of the drug dealing from the drug dealers, and *that's why we're here today.*

(Emphasis added.)

Continuing with this theme, the final words in the prosecutors's closing argument to the jury were:

... are we going to *let her profit* by people's lives being destroyed by drugs? I ask you to forfeit her property.

(Emphasis added.)

II.

As noted above, the forfeiture proceeding in the instant case was authorized by *W.Va. Code,* 60A–7–703(a)(7) [1988], which permits forfeiture of:

All real property, including any right, title and interest in any lot or tract of land, and any appurtenances or improvements, which are used, or have been used, or are intended to be used, in any manner or part, to commit, or to facilitate the commission of a violation of this chapter punishable by more than one year imprisonment: Provided, That no property may be forfeited under this subdivision, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without his knowledge or consent.

This Court has addressed issues arising under *W.Va.Code,* 60A–7–703 [1988] in one case, *Frail v. $24,900.00 in U.S. Currency,* 192 W.Va. 473, 453 S.E.2d 307 (1994). In *Frail,* former Justice Miller, writing for a unanimous Court, overturned a forfeiture of currency that had been taken from a man who had been charged with a drug transaction in another jurisdiction, because there was insufficient evidence presented at trial to show that the seized money represented the fruits of drug dealing.

We held in Syllabus Point 5 of *Frail* that:

Under West Virginia Code, 60A–7–703(a)(6) (1988), the State, in forfeiting property, is required to demonstrate that there is probable cause to believe there is a substantial connection between the property seized and the illegal drug transaction. This finding is in addition to the initial finding of probable cause that an illegal act under the drug law has occurred.

In the instant case, the jury was asked to forfeit the appellant's house and lots on the grounds that her property represented the fruits of illegal drug dealing. However, the evidence at trial showed no monetary or other substantial connection between the appellant's property and her former husband's drug dealing that would allow a jury to properly conclude that the appellant's property in fact represented the fruits of illegal activity.

### III.

It is the duty of this Court to uphold a forfeiture that is awarded upon a record that contains adequate and substantial evidence demonstrating the propriety of the forfeiture. It is likewise our duty to disallow a forfeiture when there is an insufficiency of such evidence. *Frail, supra.*

We are not unmindful of the harshness of rendering a disabled woman—who has committed no crime—homeless. However, if it were shown that the appellant's modest home in fact represented the "fruits of drug dealing," then a forfeiture based on such a rationale *might* be legally sustainable. But such is not the case.

Based on the foregoing reasoning, the jury's verdict ordering forfeiture of the appellant's house and lots cannot be sustained. The judgment of the circuit court is reversed.

Reversed.