# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Three Thousand Eight Hundred and Sixty Dollars U.S. Currency, said owner being Donald G. Galloway, Respondent Below, Petitioner**

vs) No. 13-0631 (Summers County 08-P-13)

**Amy L. Mann, Prosecuting Attorney of Summers County, West Virginia, on behalf of the Summers County Sheriff's Department, Petitioner Below, Respondent**

**FILED**

January 17, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Donald G. Galloway, *pro se*, appeals from the Circuit Court of Summers County's order entered on April 5, 2013, wherein $3,860 in cash was forfeited to the State pursuant to the West Virginia Contraband Forfeiture Act (hereinafter "the Act"), codified at W.Va. Code § 60A-7-701 *et seq*. The State, by counsel Laura Young, filed a summary response. Petitioner filed a reply. On appeal, petitioner alleges that he is entitled to the return of the money because the circuit court did not follow procedures laid out in the Act and lacked sufficient evidence to link the money to illicit drug sales.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2008, petitioner was arrested and charged with multiple drug offenses related to his possession of controlled substances. The Sheriff's Department of Summers County confiscated one Oxycontin pill, fifty-three Xanax pills, two crack pipes, and the $3,860 in cash at issue here, among other items. In April of 2008, the State filed a petition to forfeit the $3,860 in cash to the State. The State averred in the petition that the money was furnished or intended to be furnished in exchange for a controlled substance. Petitioner was personally served with notice of the forfeiture petition in both April and June of 2008, and notice of the forfeiture was twice published in a local newspaper in April of 2008. An amended petition, identical to the petition filed in April, was filed in August of 2008. On September 19, 2008, the State filed a "Motion for Judgment," arguing that it was entitled to judgment in its favor due to petitioner's failure to respond to its petition within thirty days of service. Petitioner was personally served by the circuit court with a summons on September 25, 2008, regarding the forfeiture and given notice that he

1

was required to answer within twenty days or judgment would be taken by default. Notice was again twice published in the local newspaper. At a hearing in the underlying criminal action on February 9, 2009, petitioner stated that he would "like to resolve" the forfeiture matter, but was seeking to hire counsel for his representation in the criminal matter and the forfeiture action. The circuit court continued the hearing in the criminal case for two weeks in order for petitioner to hire counsel to replace his appointed counsel, but he failed to do so.[1] Petitioner was convicted of possession with intent to deliver Xanax in February of 2010. According to the record provided, no other action was taken on the forfeiture until November of 2012 when petitioner filed a motion to recover the $3,860 in cash. On April 5, 2013, the circuit court entered an order granting the State's pending "Motion for Judgment" from September of 2008. In its order, the circuit court found that petitioner had not answered the State's petition within thirty days and, therefore, pursuant to West Virginia Code § 60A-7-705(d), the State was entitled to judgment forfeiting the money. It is from this order that petitioner appeals.

As we have previously held:

> We review a decision by a trial court to award a default judgment pursuant to an abuse of discretion standard. *See* Syl. Pt. 5, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974). Where, however, "the issue on appeal from the circuit court is clearly a question of law . . ., we apply a de novo standard of review." Syl. Pt. 1, in part, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

*Leslie Equip. Co. v. Wood Res. Co., L.L.C.*, 224 W. Va. 530, 532-33, 687 S.E.2d 109, 111-12 (2009).

Petitioner argues that he was entitled to a full hearing on the forfeiture issue under the Act. Petitioner states that the hearing regarding forfeiture that was continued, but never actually held, was scheduled pursuant to West Virginia Code § 60A-7-705(d) and that, once it was scheduled, he was entitled to a full hearing before adjudication on the issue of forfeiture. Petitioner further argues that the State did not meet its burden of showing by a preponderance of the evidence that the money in question was connected to illicit drug sales.

Under the Act,

> [i]f no answer or claim is filed within thirty days of the date of service of the petition pursuant to subsection (b) of this section, or within thirty days of the first publication pursuant to subsection (b) of this section, the court shall enter an order forfeiting the seized property to the State. If any claim to the seized property is timely filed, a time and place shall be set for a hearing upon such claim. The claimant or claimants shall be given notice of such hearing not less than ten days prior to the date set for the hearing.

---

[1] Petitioner never hired outside counsel and was represented by his appointed counsel in the criminal proceedings.

W.Va. Code § 60A-7-705(d). Moreover, this Court held in Syl. Pt. 3, *Games-Neely ex rel. West Virginia State Police v. Property*, 211 W.Va. 236, 565 S.E.2d 358 (2002), that

> [t]he language of West Virginia Code § 60A-7-705(d) . . ., which states that the court "shall" enter an order forfeiting the seized property to the State if an answer or claim is not filed within thirty days of the date of service of the forfeiture petition or of the first publication, is mandatory.

Here, petitioner asserts that he only needed to put the circuit court and the State "on notice" that he wished to dispute the seizure of his property, and that he did so when he stated that he would "like to resolve" the issue. Petitioner made this statement more than four months after the amended forfeiture petition was last filed. Petitioner made no allegations before the circuit court that the State failed to meet its service requirements to him. The record reflects that petitioner was personally notified of the forfeiture proceedings on at least three occasions and notice was published in four editions of the local newspaper. We, therefore, hold that the circuit court did not abuse its discretion in entering default judgment forfeiting petitioner's funds to the State. Because the default judgment was properly entered, we decline to address petitioner's argument regarding the sufficiency of the evidence.

For the foregoing reasons, the circuit court's April 5, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: January 17, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II