# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ralph Unis, Joan Unis,**
**and Unis Demolition Company,**
**Defendants Below, Petitioners**

**FILED**

**November 16, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 17-1000** (Hancock County 16-C-120)

**Ronald J. Cross,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioners Ralph Unis, Joan Unis, and Unis Demolition Company, by counsel Joseph H. Fox, appeal the October 10, 2017, order of the Circuit Court of Hancock County denying petitioners' motion to set aside default judgment against them. Respondent Ronald J. Cross, by counsel Michael Edward Nogay, filed his response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 9, 2016, respondent filed a complaint against petitioners alleging breach of contract and fraud, and requesting compensatory and punitive damages.[1] On September 23, 2016, the West Virginia Secretary of State accepted service on behalf of petitioners, and on September 29, 2016, Petitioner Ralph Unis accepted service on behalf of each petitioner by certified mail. On November 18, 2016, respondent filed a verified application for default judgment against petitioners, which was granted by the circuit court on that same date. Respondent noticed the matter for hearing on the issue of damages for January 13, 2017. Petitioners did not appear at that hearing or otherwise respond. On January 19, 2017, the circuit court entered a judgment order against petitioners in the amount of $706,127.[2]

On July 17, 2017, petitioners filed a motion to set aside default judgment, and the circuit

---

[1] This dispute arose from an oral contract for petitioners to demolish a building in New Cumberland, West Virginia, reportedly owned by respondent.

[2] The damages included compensatory damages of over $440,000 and punitive damages of $250,000.

1

court heard argument on that motion on September 8, 2017. By order entered October 10, 2017, the circuit court denied that motion. In that order, the circuit court found that nothing in the record indicates that circumstances had changed since the entry of default judgment that would impair respondent's ability to prosecute his claim on the merits so his prejudice by vacation of the default judgment was minimal. It also concluded that the judgment amount of $706,127 was significant. It found that Mr. Unis did not provide any explanation as to why petitioners declined to answer or respond in any way to the complaint or make any appearance in the matter.

> It is clear to the [circuit c]ourt that [petitioners] simply intended to default in this matter. [Petitioners] ignored several pre-suit overtures made by [respondent] and his counsel. Prior to the filing of the complaint, [respondent] contacted [petitioners] on several occasions by telephone to address the matters in controversy. When those efforts failed, [respondent] retained counsel to contact [petitioners. Petitioners] ignored a pre-suit letter sent to [petitioners] by [respondent's] counsel. Finally, [petitioners] ignored the clear warning contained in the summons of the time period to file a responsive pleading and the adverse consequences of failing to respond.

According to that order, Mr. Unis admitted that in hindsight it was "a mistake" not to answer the complaint but the unexplained lack of action by petitioners did not constitute excusable neglect. The circuit court declined to address the merits of the claim. Petitioner appeals from that order.

> This Court has previously set forth the following standard of review:

> The standard of review is well-settled, and we have previously held that "'[a] motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of discretion.' Syl. Pt. 3, *Intercity Realty Co. v. Gibson,* 154 W.Va. 369, 175 S.E.2d 452 (1970) [*overruled on other grounds by Cales v. Wills,* 212 W.Va. 232, 569 S.E.2d 479 (2002)]." Syl. pt. 6, *Games–Neely ex rel. West Virginia State Police v. Real Prop.,* 211 W.Va. 236, 565 S.E.2d 358 (2002). We have further explained that "'[a]ppellate review of the propriety of a default judgment focuses on the issue of whether the trial court abused its discretion in entering the default judgment.' Syllabus point 3, *Hinerman v. Levin,* 172 W.Va. 777, 310 S.E.2d 843 (1983)." Syl. pt. 1, *Cales v. Wills,* 212 W.Va. 232, 569 S.E.2d 479 (2002). Further guidance is obtained from our previous holding that "[o]n an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. pt. 2, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973).

*Hardwood Group v. LaRocco*, 219 W. Va. 56, 60, 631 S.E.2d 614, 618 (2006).

On appeal, petitioners set forth three assignments of error; however, there is a great deal of overlap between those assignments. First, they contend that the circuit court's denial of

petitioners' motion to set aside default judgment is inconsistent with well-established law from this Court. The basis for petitioners' argument on this point largely focuses on "good cause" and the lack of a definition of "good cause" in the West Virginia Rules of Civil Procedure. Petitioners' third assignment of error is that the circuit court's denial of the motion to set aside default judgment was improper because petitioners demonstrated good cause for the failure to answer the complaint. Therefore, we will address these assignments of error together.

At the outset, we note that we have found that

[i]n determining whether a default judgment should be entered in the face of a Rule 6(b) motion or vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.

Syl. Pt. 3, *Parsons v. Consolidated Gas Supply Corp.*, 163 W. Va. 464, 256 S.E.2d 758 (1979). Further,

[i]n addressing a motion to set aside a default judgment, "good cause" requires not only considering the factors set out in Syllabus point 3 of *Parsons v. Consolidated Gas Supply Corp.,* 163 W.Va. 464, 256 S.E.2d 758 (1979), but also requires a showing that a ground set out under Rule 60(b) of the West Virginia Rules of Civil Procedure has been satisfied.

Syl. Pt. 5, *LaRocco*.

Rule 60(b) of the West Virginia Rules of Civil Procedure provides, in relevant part, as follows:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

We are also mindful of our holding in *LaRocco*, that

[w]hen addressing a motion to set aside an entry of default, a trial court must determine whether "good cause" under Rule 55(c) of the West Virginia Rules of Civil Procedure has been met. In analyzing "good cause" for purposes of motions to set aside a default, the trial court should consider: (1) the degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; (4) the degree of intransigence on the part of the defaulting party; and (5)

3

the reason for the defaulting party's failure to timely file an answer.

Syl. Pt. 4, *LaRocco*.

In the instant matter, it is undisputed that petitioners accepted service by certified mail on September 29, 2016. Despite receiving notice of respondent's verified application for default judgment, respondent took no action before the circuit court until July 17, 2017 – nearly ten months after accepting service. In their motion to set aside default judgment, petitioners asserted that good cause exists to do so "because there are material issues of fact and meritorious defenses that can and should be raised . . . ." In that motion, petitioners then address the facts and arguments related to the merits of the case. They assert therein that their failure to respond to the complaint was due to mistake, inadvertence, and excusable neglect. However, they fail to provide any facts to support that contention. Following the entry of respondent's response to that motion, petitioners submitted a brief in support of their previously filed motion to set aside default judgment. In addressing their contention that their failure to respond was due to excusable neglect, they simply state that they "made the mistake in believing . . . that they would be provided with actual notice of an attempt to enter a default judgment."

During the hearing on petitioners' motion to set aside default judgment, the following exchange occurred:

> The Court: . . . What was the good cause for not answering the Complaint or appearing to defend?
>
> Mr. Fox [petitioners' counsel]: There is no question he should have answered the Complaint. . . . the excusable neglect, or the mistake was that he thought he would to [sic] be put on notice. He should have answered the Complaint.

Then, Petitioner Ralph Unis testified that he was served and that it was his

> "fault that it wasn't answered. I'm being honest with you. I had the Complaint. I contacted Attorney Fox. I had it in my office there. My mother runs the office. We had a guy [who] works in the office up there. There was miscommunication. She ended up being hospitalized. . . It was just a bad situation and I assumed that it was processed and it was sent over to Mr. Fox. I have more sense than that not to answer that. I never heard anything else. . . ."

He claimed that he learned about the judgment when a when a friend called him about four months before the hearing and informed him of the same. "I mean, it's no excuse. It should never have been handled that way, but it was a mistake."

Later during the hearing, Mr. Unis confirmed that he accepted service of the complaint on behalf of petitioners, including the summons, which indicated that he had thirty days to file a responsive pleading in the Circuit Court of Hancock County. When asked during cross-examination whether it was Mr. Fox's fault, Mr. Unis responded that it was not Mr. Fox's fault; "[i]t's our fault because my mother was in the hospital and she didn't get it sent over." However,

4

he also indicated that his mother was hospitalized prior to service of the summons and complaint. During that hearing, respondent introduced letters whereby he put petitioners on notice of the dispute prior to filing suit. With regard to the existence of a dispute, Mr. Unis also admitted that, prior to the suit, it was "quite obvious. We were doing a job down here together and there was a dispute between the two of us over the responsibility [for] the asbestos . . . ." However, he was critical of the fact that after the suit was filed he did not receive additional communication regarding resolving the dispute.

At no point does Mr. Unis assert that he suffered from some infirmity that made it impossible for petitioners to timely respond to the complaint. He also does not dispute that he received both the summons and complaint or that the summons directed that petitioners serve an answer within thirty days after service. The summons included in the record before this Court unquestionably provides that "[i]f you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint . . . ."

As we previously set forth, "'the stronger the excusable neglect or good cause shown, the more appropriate it is to give relief against the default judgment.' *White v. Berryman*, 187 W. Va. 323, 332, 418 S.E.2d 917, 926 (1992) (internal citations omitted)." *LaRocco*, 219 W. Va. at 65, 631 S.E.2d at 623. Based on the record before this Court, including Mr. Unis's testimony and counsel's arguments below, we cannot find that the circuit court abused its discretion in denying petitioners' motion to set aside the default judgment entered against them.

Finally, petitioners argue that the circuit court erred by failing to properly analyze petitioners' material issues of fact and meritorious defenses. While the circuit court stated in its order that it "makes no judgment as to the merits of these defenses . . ." it found that the contract between the parties is somewhat ambiguous and the defenses asserted are not meritorious defenses. In its order, the circuit court also set forth petitioners' claimed meritorious defenses. It went on to address, in detail, the other factors to be considered under our case law, concluding that respondent's "prejudice by vacation of the default judgment against [petitioners] is minimal [and] . . . [a] judgment in this amount is significant and, therefore, the third factor of *Parsons* is satisfied." After addressing petitioners' degree of intransigence, the circuit court concluded that petitioners had "presented defenses that may or may not be meritorious defenses. Heavily weighing these findings against [petitioners'] intransigence and their inability to present any evidence of excusable neglect for not filing a timely answer . . ." petitioners' motion was denied. Therefore, we cannot find that the circuit court abused its discretion in weighing the required factors and denying petitioners' motion to set aside the default judgment at issue on this ground.

For these reasons, we find no error in the circuit court's denial of petitioners' motions to set aside the default judgment entered against them.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 16, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment