**STATE of Minnesota, Respondent,**

v.

**David Allen SUTTERFIELD, Appellant.**

**No. C4–83–1778.**

Court of Appeals of Minnesota.

April 24, 1984.

John H. Martin, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Robert W. Kelly, Washington County Atty., William F. Klump, Jr., Asst. Washington County Atty., Stillwater, for respondent.

Heard, considered and decided by FOLEY, P.J., and WOZNIAK and SEDGWICK, JJ.

## OPINION

SEDGWICK, Judge.

This is an appeal from an order denying the return of illegally seized firearms. We reverse.

## FACTS

Police officers conducted a warrantless search of defendant's house and seized 35 firearms, 26 of which are the subject of this appeal and are being retained by Washington County Sheriff's Office. Based on this seizure, defendant, a convicted felon, was arrested and charged with one count of unlawful possession of a pistol by a felon in violation of Minn.Stat. 624.-713, subd. 1(d) (1982).

The trial court found that the search of defendant's home was unlawful because the consent to search was not given voluntarily. All charges against defendant were dismissed.

After defendant's arrest, but before the dismissal of the charges against him, defendant assigned any interest he had in the firearms to his attorney, John Martin, as payment for legal services.

Defendant moved for the return of the 26 firearms. The motion was denied. Defendant appeals.

## ISSUE

Did the trial court err in refusing to return illegally seized rifles and shotguns to a convicted felon when no Minnesota law prohibits possession of these guns?

## ANALYSIS

■ It is the State's position that since the defendant was a convicted felon at the time the firearms were seized, the firearms are subject to forfeiture pursuant to 18 U.S.C.App. § 1202(a)(1) (1982) which prohibits any felon from possessing *any* firearm.

However, defendant was not charged with violating 18 U.S.C.App. 1202(a)(1), nor could he be charged in state court with violating a federal statute.

Even if he had been charged with violating this federal statute and found guilty in United States District Court, a state court would have no jurisdiction to initiate forfeiture proceedings. 26 U.S.C. § 7323(a) provides that any forfeiture of firearms possessed in violation of 18 U.S.C.App. 1202(a)(1) must be initiated in United States District Court.

Defendant was charged with violating Minn.Stat. 624.713, subd. 1(d) (1983), which prohibits the possession of pistols by persons who have been convicted of using, possessing, or selling drugs. A state court only has jurisdiction to try the particular offense charged in the complaint.

■ Washington County District Court was without jurisdiction to apply a federal forfeiture statute to a state court offense, when jurisdiction on the federal matter was exclusively in the federal courts. Since there are no common law crimes in this state under Minn.Stat. § 609.015, subd. 1 (1982), the only issue the trial court had jurisdiction to adjudicate was whether defendant violated Minn.Stat. 624.713, subd. 1(d).

Neither this statute nor any other Minnesota statute make it illegal for a convicted felon to possess rifles, hunting guns, or shotguns. Minn.Stat. § 624.713, subd. 1(d) only makes it a crime for a felon to possess pistols.

Minn.Stat. § 626.04 (1983) provides that non-contraband property seized for use as evidence at trial shall be returned at the end of its need by the court "to the owner or any other person entitled to it."

■ Since the state no longer has use for the firearms, because the charge against defendant was dropped, the firearms must be returned to defendant's attorney pursuant to their valid assignment agreement.

### Decision

The trial court was without jurisdiction to apply a federal statute when defendant was charged in state court with violation of a state statute. The trial court's order denying defendant's motion for return of his firearms is reversed.