## STATE of Maine

v.

## ONE UZI SEMI–AUTOMATIC 9mm GUN, et al.

Supreme Judicial Court of Maine.

Argued March 4, 1991.

Decided April 1, 1991.

Ronald R. Coles (orally), Coles & Mongue, Kennebunk, for plaintiff.

Michael E. Povich, Dist. Atty., Laura Yustak Smith (orally), Asst. Dist. Atty., Calais, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

CLIFFORD, Justice.

Dale and Lynn Sherrard appeal from an order of the Superior Court (Washington County, *Alexander, J.*) ordering forfeiture of eight items to the State pursuant to 15 M.R.S.A. § 5822 (Supp.1990). We affirm the judgment as to seven of the eight items ordered forfeited by the Superior Court. Because, however, the eighth item, an Uzi semi-automatic 9mm gun, was not seized in a lawful search and was not found to be used to defend, protect, guard or secure drugs or drug paraphernalia, it is not subject to forfeiture under the Maine forfeiture statute and we vacate the order of forfeiture as to that item.

In March 1989, a Washington County sheriff's deputy went to the Sherrard home in Charlotte to investigate an automobile accident. When no one answered his knock at the door, the deputy went to a window and observed a marijuana plant in the house. Based on that observation, the sheriff's department obtained and executed a search warrant and recovered from the Sherrard house drugs and other personal property, including the items that are the subject of this forfeiture proceeding. Drug charges were filed against the Sherrards but the District Court (Calais, *Sheldon, J.*), finding the search warrant to have been based on an illegal search, suppressed all of the property seized as fruits of an illegal search.

The State dismissed the criminal charges against the Sherrards, who then made a motion pursuant to M.R.Crim.P. 41(e) for

return of the seized property.[1] The District Court (*Clapp, J.*) granted the motion in part and ordered the return of several items, but denied the motion as to the eight items involved in this forfeiture action.[2] The court found seven of the items to be drug paraphernalia and thus contraband pursuant to 17–A M.R.S.A. § 1111–A (1983),[3] and that the Uzi did not belong to the Sherrards and was contraband absent a valid ownership permit. The Sherrards appealed the denial of their motion for return of the property to the Superior Court, where that appeal remains pending.

In February 1990, the State filed in the Superior Court the instant petition for forfeiture, alleging that the items are contraband and subject to forfeiture pursuant to 17–A M.R.S.A. § 1111–A, 15 M.R.S.A. § 5821, and 26 U.S.C. §§ 5845–5861. Following the denial of the Sherrards' motion to enjoin the State from holding and possessing the property that the State sought to be declared forfeit, the parties agreed to have the court decide the merits of the forfeiture petition based on the record before it, which included the District Court decision suppressing the items and the District Court decision denying in part the Sherrards' Rule 41(e) motion for return of the items. The Superior Court found all of the items to be contraband under either Maine or federal law and ordered the items

forfeited to Washington County, a subdivision of the State of Maine. *See* 15 M.R.S.A. § 5822(4)(A).

The Sherrards contend that because the property was illegally seized by the State the exclusionary rule applies to this proceeding precluding forfeiture. Evidence obtained in violation of the fourth amendment is generally not admissible in a forfeiture proceeding. *One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania*, 380 U.S. 693, 702, 85 S.Ct. 1246, 1251, 14 L.Ed.2d 170 (1965). The mere fact of illegal seizure standing alone, however, does not immunize goods from forfeiture. *United States v. Eighty-eight Thousand, Five Hundred Dollars*, 671 F.2d 293, 297 (8th Cir.1982); *United States v. One 1971 Harley–Davidson Motorcycle*, 508 F.2d 351 (9th Cir.1974). Lawfully obtained evidence may be introduced to prove that an illegally obtained object is contraband and thus subject to forfeiture. *Harley–Davidson Motorcycle*, 508 F.2d at 351; 1 LaFave, *Search and Seizure* § 1.7(a), at 146 (2d ed.1987). Also, items are subject to forfeiture despite the fact that they were illegally seized if the items are contraband per se. *Plymouth Sedan*, 380 U.S. at 699, 85 S.Ct. at 1250. Contraband per se includes objects "intrinsically illegal in character," *see id.*, 380 U.S. at 700, 85 S.Ct. at 1250, such as controlled substances, ob-

---

**1.** Not all property illegally seized is subject to return. A separate inquiry must be made before the court may order the property returned. *State v. Sweatt,* 427 A.2d 940, 950 (Me.1981), *cert. denied,* 459 U.S. 831, 103 S.Ct. 71, 74 L.Ed.2d 70 (1982). Return of the property is sought by motion. M.R.Crim.P. 41(e). Property "otherwise subject to lawful detention" need not be returned. *Id.* The District Court determined that seven of the items were drug paraphernalia pursuant to 17–A M.R.S.A. § 1111–A. Under section 1111–A(9), drug paraphernalia is contraband and may be seized and confiscated by the State. The District Court found the Uzi not to belong to the Sherrards and that it was contraband absent a valid ownership permit. *See Sweatt,* 427 A.2d at 951.

**2.** The eight items ordered forfeited in the instant case are:
   1. one snort tube
   2. two snuff boxes
   3. one large grow light and control
   4. two triple beam scales

   5. one ceramic pipe
   6. one ceramic dish
   7. two small boxes
   8. one Uzi semi-automatic 9mm gun, serial # SA 38107

**3.** 17–A M.R.S.A. 1111–A (1983) provides in pertinent part:

   1. As used in this section the term "drug paraphernalia" means all equipment, products and materials of any kind which are used or intended for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a scheduled drug....
   ....
   9. Any drug paraphernalia in violation of this section is declared to be contraband and may be seized and confiscated by the state.

scene materials and adulterated food. 1 LaFave, § 1.7(a), at 147. Gambling paraphernalia, even though illegally seized, has been held to be contraband per se. *State v. Lesnik*, 84 Wash.2d 940, 530 P.2d 243, 246–47 (1975).

### SEVEN ITEMS

Because the parties agreed to have the Superior Court decide the case on the record without testimony, and because the District Court decision denying in part the Sherrards' motion for the return of property was made part of that record, the Superior Court properly relied on the determinations made by the District Court in ordering forfeiture of seven of the items.[4] The District Court determined that those items are drug paraphernalia and thus contraband pursuant to 17–A M.R.S.A. § 1111–A.[5] The findings required for an item to be subject to forfeiture pursuant to 15 M.R.S.A. § 5821(2) & (3)[6] are based on criteria essentially identical to the drug paraphernalia findings made by the District Court pursuant to 17–A M.R.S.A. § 1111–A.

■ In order for us to adequately review the findings of the District Court that the seven items constitute drug paraphernalia, findings that the Superior Court relied on in ordering forfeiture of those items, we would have to review the transcript of the Rule 41(e) hearing before the District Court.[7] The Sherrards, as the appellants, have the duty to provide us with an adequate record on appeal. *State v. Marshall*, 451 A.2d 633, 635 (Me.1982). Because they have not done so, we affirm the findings of the Superior Court that the seven items are

4. *See supra* note 2.

5. *See supra* note 3.

6. 15 M.R.S.A. § 5821(2) & (3) provides in pertinent part:
    **2. Material related to scheduled drugs.** All raw materials, products and equipment of any kind which are used or intended for use in manufacturing, compounding, processing, delivering, cultivating, growing or otherwise creating any scheduled drug in violation of any law of this State, any other state or the United States;

contraband and subject to forfeiture. *See International Silver Co. v. DiGirolamo*, 475 A.2d 1143, 1144–45 (Me.1984).

### UZI SEMI–AUTOMATIC 9mm GUN

Pursuant to 15 M.R.S.A. § 5821, a firearm is subject to forfeiture only if it is "used or intended for use to defend, protect, guard or secure" any drugs or drug paraphernalia, section 5821(3), or if it is seized in a "lawful search for scheduled drugs in which scheduled drugs are found." Section 5821(3–A). Here the Uzi semi-automatic 9mm gun was seized in a search determined to be unlawful. Neither the District Court on the Rule 41(e) motion for the return of property nor the Superior Court in this forfeiture action made a finding that the Uzi was used or intended for use to defend, protect, guard or secure drugs or drug paraphernalia. Rather, the District Court refused to return the Uzi to the Sherrards because the Sherrards made no claim of ownership in it and the court found that it was contraband absent a valid ownership permit. The Superior Court found the Uzi to be a short-barrelled assault rifle and a prohibited weapon under federal law because it was not registered. *See* 26 U.S.C. § 5861(d).[8]

■ Because the forfeiture statute is penal in nature, we must construe the statute strictly against the State. *Millett v. Mullen*, 95 Me. 400, 415, 49 A. 871, 873 (1901); *see C Company v. City of Westbrook*, 269 A.2d 307, 309 (Me.1970). Even though the Sherrards may be prohibited from possessing the Uzi under federal law, and the weapon itself may be contraband under federal law, *see United States v. Ten*

3. **Other property.** All property which is used or intended for use as a container for property described in subsection 1 or 2....

7. Such a review would determine if the evidence was sufficient to support the findings and if the District Court properly applied the exclusionary rule to the illegally seized items.

8. 26 U.S.C. § 5861(d) provides in pertinent part:
    It shall be unlawful for any person ... to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record.

*Miscellaneous Firearms,* 622 F.Supp. 759, 760 (D.Neb.1985), its forfeiture to the State of Maine or Washington County is not expressly provided for in the forfeiture statute in these circumstances and therefore it is not subject to forfeiture. *See State v. Sutterfield,* 347 N.W.2d 295, 296 (Minn. App.1984).[9]

The entry is:

Judgment vacated as to Uzi semi-automatic 9mm gun. In all other respects, judgment affirmed.

All concurring.

---

9. Because the Uzi is not subject to forfeiture in the circumstances of this case does not mean that the weapon must be returned to the Sherrards. The motion to return property to the Sherrards, brought pursuant to M.R.Crim.P. 41(e) as a part of a criminal case, is a different proceeding. Although some of the factual findings that may be made could be identical or nearly so, *see, e.g.,* 17–A M.R.S.A. § 1111–A (definition of drug paraphernalia); 15 M.R.S.A. § 5821(2) & (3) (forfeiture of materials related to scheduled drugs and other property), the burdens and consequences of the proceedings are distinct. Property need not be returned pursuant to Rule 41(e) if that property is contraband, *see Sweatt,* 427 A.2d at 950–51, even though it may not be subject to forfeiture.