STATE OF MAINE

KENNEBEC, ss.

STATE OF MAINE

v.

SHANE WOOD,

Defendant

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

NOV 13 2003

NANCY DESJARDIN
CLERK OF COURTS

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-00-391
DHM - KEN - 11/13/2003

ORDER

DONALD L. GARRECHT
LAW LIBRARY

DEC 12 2003

Before the court is an ancillary information brought as count VII of the indictment in which the State is seeking criminal forfeiture of 27 firearms and count V of the indictment seeking forfeiture of $5,442, both proceedings brought under 15 M.R.S.A. § 5826, the criminal forfeiture statute. In conjunction therewith, there has been filed with the court four ancillary third-party requests for hearing, each alleging a legal right, title or interest in certain items subject to forfeiture.

Wife of the defendant, Rebecca Wood, seeks to avoid the forfeiture of property to which she claims a right, to wit:

(A) A Thompson semi-automatic 1927 45 caliber rife;

(B) An SWD M-11 9 mm (86-0013131);

(C) Remington model 740 .270 rifle (B8410567);

(D) Remington 700 7-mm rifle (T6211089);

(E) Ruger .22 pistol (644766?); and

(F) Waffenbrik Mauser pistol (848365).

Rebecca Wood also claims $4,500 of the cash seized as part of the execution of the search warrant in this matter.

Rebecca Wood seeks to avoid the forfeiture on behalf of her son, Alex Wood, for certain firearms she claims is the property of the 12-year-old son, to wit:

    (A)     Rogue Chipmunk .22 rifle;

    (B)     Ruger 10-22 .22 rifle (23760773);

    (C)     Marlin model 60 .22 rifle (04131983); and

    (D)     FMJ .410 gauge shotgun (B00003405).

Rebecca Wood also claims on behalf of her 9-year-old son Ryan Wood to defeat forfeiture of firearms she believes belong to her son, to wit:

    (A)     Rogue Chipmunk .22 rifle;

    (B)     Ruger 10-22 .22 rifle (24521103); and

    (C)     Marlin model 60 .22 rifle (17349141).

Finally, Elizabeth Myron, mother of the defendant, claims ownership in firearms found in the possession of the defendant, to wit:

    (A)     I.J.A & C Luger .22 handgun (M98970);

    (B)     Reising Arms Co. .22 pistol (2888);

    (C)     Deutsch Werve rifle (63340) [actually a pistol];

    (D)     Crossman Mack I .22 caliber; and

    (E)     Rohm RG 10 .22 revolver (1163262).

Title 15 M.R.S.A. § 5821 provides certain property subject to forfeiture to the State as a result of a conviction for a crime including scheduled drugs, materials related to scheduled drugs, firearms and other property. The purpose of the forfeiture is provided in 15 M.R.S.A. § 5821(3) in describing property which "is used or intended for use to defend, protect, guard or secure any property or item described in subsection 1 or 2." Subsection 1 or 2 describes scheduled drugs and materials related to scheduled drugs. Title 15 M.R.S.A. § 5821(6) provides for money instruments which include money and other instruments and things of value "furnished or intended to be furnished by any person in exchange for a scheduled drug in violation of" the specified

criminal law. The proceeding before the court resulted from an information added to a criminal indictment calling for a criminal forfeiture under 15 M.R.S.A. § 5826. Subsection 5(A) of that statute calls for a person other than the defendant to petition the court for hearing to determine their legal interest in property subject to the forfeiture. Relevant language provides:

> The court shall issue or amend a final order of forfeiture in accordance with its determination if, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that:
>
> A.     The petitioner has a legal right, title or interest in the property and the right, title or interest renders the order of forfeiture invalid in whole or in part because the right, title or interest was vested in the petitioner rather than in any defendant or was superior to any right, title or interest to the exclusion of any defendant at the time of the commission of the acts that gave rise to the forfeiture of the property under this section; . . .

Also relevant to the finding as guidance to the court is 15 M.R.S.A. § 5827 requiring "the provisions of this chapter must be liberally construed to effectuate its remedial purposes."[1]

The search warrant was executed at the residence in Vassalboro of Shane and Rebecca Wood on September 25, 2000. On the premises was found a very large number of processed and unprocessed marijuana plants resulting in the defendant's conviction of marijuana cultivation and unlawful trafficking. In the execution of the search warrant, 27 firearms were confiscated as well as $5,442 found in a bank envelope under the mattress in the master bedroom of the defendant and his wife. The State is seeking forfeiture of the cash and the firearms, third-party ancillary requests have been filed and hearing was held with all parties represented by counsel.

---

[1] That statutory language, effective July 3, 1995, appears to countermand a Law Court decision of 1991 asserting that the forfeiture statute, being penal in nature, will be strictly construed against the State. *See State v. One Uzi Semi-Automatic 9 mm Gun*, 589 A.2d 31 (Me. 1991).

Rebecca Wood testified that she was the owner of the firearms listed in her affidavit both for hobby and investment purposes. She claims to be a collector of valuable firearms as well as a person who enjoys marksmanship. She described the location of the various firearms to which she claims ownership. Of the six firearms, she admits that four have been kept and were found in her bedroom. She admits to full access to all firearms in the bedroom by her husband, the defendant. Mrs. Wood also claims that she can attribute $4,500 of the cash found in the bank envelope under the mattress to her sources including sale of property and savings for Christmas presents from her income. She claims that she paid her bills in cash having been advised by her father against other means of securing liquid assets.

It is clear that some of the money in that same envelope under that same mattress was utilized by the defendant in the trafficking of the drug contraband. The burden of proof by a preponderance of the evidence is on the petitioner to establish the right, title and interest to the cash or to establish a right, title and interest greater than that of the defendant and to his exclusion. The cash in the bank envelope was clearly fungible and incapable of individual identification. While the petitioner can explain her source of funds, she can only surmise the amounts attributable to certain sources. Some of the money clearly was used for unlawful purposes by the defendant, admittedly with the knowledge of the petitioner. It is alleged by the State and substantiated by the exhibits that a substantial amount of marijuana product worth a great deal of money was found in the search. The court does not find that it is more likely than not that the cash found under the mattress in the bank envelope belonged to Rebecca Wood solely or that she had a right superior to that of the defendant.

Elizabeth Myron, mother to the defendant, testified as to the ownership of certain antique guns which she obtained by inheritance. She testified that the guns

had been placed in the possession of the defendant some weeks before the execution of the search warrant for purposes of the defendant, an acknowledged gun dealer, to obtain appraisals. Mrs. Myron supported her testimony with photographs taken in 1991 by her husband in order to document ownership of the firearms for insurance protection prior to undertaking a lengthy sojourn. This was confirmed by testimony of her husband. The court is satisfied that the age of the firearms, the timing and legitimate purpose of their presence in possession of the defendant as well as the established proof of ownership by the photographs taken some nine years prior to the search warrant clearly established a sole right, title and interest in Elizabeth Myron with one exception. In the return of the results of the search warrant, the law enforcement officers identified one "Crossman Mack 1 .22 caliber" pistol. Elizabeth asserted that such a weapon would be consistent with a misidentified .22 caliber pistol owned by her. In fact, the identification is in error and the weapon in question is a Crossman pellet gun. Since Elizabeth Myron makes no claim with respect to that particular firearm, her request is withdrawn.

Rebecca Wood claims, on behalf of her nine and 12 year-old sons, ownership in them of two .22 Rogue rifles , two Ruger .22 rifles, two Marlin .22 rifles and a .410 gauge shotgun. The Rogue Chipmunk .22 rifles are engraved with an "A" and a "R" as proof of ownership by the boys. These weapons are consistent with "varmint" rifles and inconsistent with a firearm to be used in defense of trafficking in scheduled material. While clearly they are in the possession of and under the control of the defendant and Rebecca Wood, they are consistent with marksmanship and hunting training for young boys. The court is satisfied that notwithstanding their minority, the firearms are their sole property under the purpose and meaning of the forfeiture law.

The firearms claimed by Rebecca Wood are more difficult to analyze. There is clear documentation that the Remington model 7400 (sic) 270 caliber rifle was purchased by Mrs. Wood on July 19, 2002, from Hussey's General Store. There is also clear documentation that the .22 caliber Ruger revolver was purchased October 7, 1999, at a private sale. The Remington model 740 270 rifle and the Remington 700 7 mm rifle were found in a locked gun cabinet in the "office" of the parties. The other firearms were found in the master bedroom. She asserts that the Thompson semi-automatic is a 1927 antique but she kept it in a box on her side of the bed. The SWD M-11 9 mm was kept in a box in the closet in the bedroom. The Ruger .22 pistol was kept on a shelf in the bedroom and the Waffenbrik Mauser pistol was kept "on the headboard on my side of the bed." (Petitioner's affidavit, ¶ 4F).

It is uncontroverted that petitioner and the defendant shared the master bedroom in all respects, indeed, a large amount of ammunition, gun parts, and related items were found in the bedroom. It is also uncontroverted that both Rebecca and her husband had keys to the gun cabinet. It is curious that collector item firearms would be kept in a bedroom rather than in a locked gun cabinet. The court might assume from such circumstances that certain firearms were kept in the bedroom for purposes of defense or transactions relating to the trafficking of the prohibited substance.[2]

The documentation provided by the petitioner establishes her right, title and interest to the Remington model 740 rifle and Ruger .22 caliber. Is the court satisfied by that documentation that petitioner has sole right, title and interest such that the relationship with the defendant can have no effect? Certainly to the extent she has the

---

[2] It is noted by both the defendant and his wife that all of the marijuana was found outside of the bedroom except for a trace amount. This does not remove the likelihood that one might wish to defend their trafficking operation during a period of time when they may be occupying the bedroom, most usually during the night time hours.

burden of proof, the documentation meets that burden. The court is also satisfied that it is more likely than not that the firearms kept in the gun cabinet would not have been retained under circumstances suggesting their use and defense in furtherance of the prohibited activity. Having sworn testimony that the M11 9 mm was located in a closet in the bedroom in a case, the court is not satisfied that the firearm would have been utilized in the furtherance of trafficking. However, notwithstanding the age of the firearm, the Thompson semi-automatic 45 caliber located on the petitioner's side of the bed and the Waffenbrik Mauser pistol located on the headboard, fully accessible by both petitioner and the defendant and within arms reach for purposes of immediate use, notwithstanding petitioner's testimony as to the usability of the Waffenbrik Mauser, were found to be in such circumstances that petitioner has not met her burden of proof that she has sole right, title and interest or that she has sufficient right, title and interest exclusive of the defendant to remove them from his control. Given the remedial nature of the criminal forfeiture statute, the court cannot find in her favor in that regard.

Accordingly, the entry will be:

It is hereby ORDERED that the following items of personal property are forfeited to the State of Maine in accordance with 15 M.R.S.A. § 5826:

(1)     Intratec .22 handgun (076556);
(2)     Thompson semi-automatic 1927 .45 caliber rifle;
(3)     9 mm Glock handgun with magazine;
(4)     Mossberg 12 gauge shotgun (GS25233) with pistol grip;
(5)     Ithaca M86 12 gauge shotgun (660794287);
(6)     High Point 995 9 mm rifle (A67213);
(7)     Ia co. 20 gauge double barrel shotgun (116144);
(8)     Waffenbrik Mauser pistol (848365) with holster;
(9)     Colt officer's model 38 pistol (417325);
(10)    Diamond Arms 12 gauge single barrel shotgun;
(11)    Crossman Mark 1 .22 cal.;
(12)    JS Stevens model 54.410 rifle;
(13)    $5,442 in cash.

Dated: November  12  , 2003

Donald H. Marden
Justice, Superior Court

STATE OF MAINE
  vs
SHANE WOOD
1726 CROWELL HILL ROAD
VASSALBORO ME 04989

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CR-2000-00391

**DOCKET RECORD**

DOB: 02/13/1967
Attorney: ROBERT SANDY
        SHERMAN & SANDY
        74 SILVER ST
        PO BOX 499
        WATERVILLE ME 04903-0499
        RETAINED 10/30/2000

State's Attorney: LARA NOMANI

## Charge(s)

1   AGGRAVATED TRAFFICK OR FURNISH SCHEDULE
    DRUGS
    17-A  1105(1)(B)          Class A  Charged with INDICTMENT on Supplemental Filing.

**1  MARIJUANA CULTIVATION**             **09/25/2000 VASSALBORO**
   **17-A  1117(2)(B)**      **Class C  Charged with INDICTMENT on Supplemental**
                **Amended 03/27/2003**

**2  CONSPIRACY TO COMMIT A CLASS B CRIME**     **09/25/2000 VASSALBORO**
   **17-A  151(1)**            **Class C  Charged with INDICTMENT on Supplemental**

**3  AGGRAVATED TRAFFICK OR FURNISH SCHEDULE**   **09/25/2000 VASSALBORO**
   **DRUGS**
   **17-A  1105(1)(D)**         **Class B  Charged with INDICTMENT on Supplemental**

**4  CRIMINAL FORFEITURE OF PROPERTY**       **09/25/2000 VASSALBORO**
   **15    5826**             **Class U  Charged with INDICTMENT on Supplemental**

**5  CRIMINAL FORFEITURE OF PROPERTY**       **09/25/2000 VASSALBORO**
   **15   5826**             **Class U  Charged with INDICTMENT on Supplemental**

6   AGGRAVATED TRAFFICK OR FURNISH SCHEDULE
    DRUGS
    17-A  1105(1)(A)         Class B

**6  UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS**   **09/25/2000 VASSALBORO**
   **17-A  1103(1)**         **Class C**
           **Amended 03/27/2003**

**7  CRIMINAL FORFEITURE OF PROPERTY**      **09/25/2000 VASSALBORO**
   **15    5826**            **Class U**

## Docket Events:

12/07/2000 FILING DOCUMENT -  FILING MOTION FILED ON 10/30/2000

12/07/2000 ATTORNEY -  RETAINED ENTERED ON 10/30/2000

          Attorney:  ROBERT SANDY
12/07/2000 MOTION -  MOTION FOR GRAND JURY REPORTER FILED BY DEFENDANT ON 10/30/2000

12/07/2000 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 10/30/2000

          DEFT.'S MOTION FOR SUMMONS UPON INDICTMENT, WITH PROPOSED ORDER.
12/07/2000 OTHER FILING -  COURT ORDER FILED ON 12/06/2000
          JOHN R ATWOOD , JUSTICE
          COPIES TO PARTIES/COUNSEL.  ON DEFT.'S MOTION FOR RECORDING GRAND JURY PROCEEDINGS.
12/07/2000 MOTION -  MOTION FOR GRAND JURY REPORTER GRANTED ON 12/06/2000
          JOHN R ATWOOD , JUSTICE
          COPY TO PARTIES/COUNSEL AND COURT REPORTER.  A COURT REPORTER SHALL BE PRESENT AT ANY
          GRAND JURY PROCEEDINGS CONDUCTED BY THE STATE REGARDING THE CHARGES AGAINST THE DEFT.  THE
          COURT REPORTER SHALL REPORT THE PROCEEDINGS,BUT SHALL NOT TRANSCRIBE THE REPORT WITHOUT
          FURTHER ORDER OF THIS COURT.
12/12/2000 Charge(s):  1,2,3,4,5
          SUPPLEMENTAL FILING -  INDICTMENT FILED ON 12/11/2000

12/12/2000 Charge(s):  1,2,3,4,5
          HEARING -  ARRAIGNMENT SCHEDULED FOR 12/19/2000 @ 8:15

12/12/2000 Charge(s):  1,2,3,4,5
          SUMMONS/SERVICE -  SUMMONS TO APPEAR FOR ARRAIGN ISSUED FOR 12/14/2000 @ 8:15

12/19/2000 Charge(s):  1,2,3,4,5
          HEARING -  ARRAIGNMENT HELD ON 12/19/2000
          NANCY  MILLS , SUPERIOR COURT CHIEF JUSTICE
          DA:  ALAN KELLEY          Reporter: JANETTE COOK
          Defendant Present in Court

          READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
          DEFENDANT.  MOTION ARE DUE ON FEBRUARY 1, 2001
12/19/2000 Charge(s):  1,2,3,4,5
          PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 12/19/2000

12/19/2000 BAIL BOND -  SURETY BAIL BOND SET BY COURT ON 12/19/2000

          SAME SURETY BAIL AS SET IN THE DISTRICT COURT AT $50,000.00 SURETY        IS TO CONTINUE
          WITH SAME CONDITIONS.
01/29/2001 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY DEFENDANT ON 01/29/2001

          TO FILE MOTIONS. NO OBJ BY STATE.
02/01/2001 MOTION -  MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/30/2001
          NANCY  MILLS , SUPERIOR COURT CHIEF JUSTICE
          COPY TO PARTIES/COUNSEL                                        THE DEADLINE
          WHICH BY WHICH DEF. MAY FILE MOTIONS IS ENLARGED TO 2/16/01.
02/20/2001 MOTION -  MOTION FOR ENLARGEMENT OF TIME FILED BY DEFENDANT ON 02/16/2001

          NO OBJ BY LARA NOMANI, AAG

02/22/2001 MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 02/21/2001
          DONALD H MARDEN , JUSTICE
          COPY TO PARTIES/COUNSEL
03/20/2001 MOTION - MOTION FOR FURTHER DISCOVERY FILED BY DEFENDANT ON 03/19/2001

03/20/2001 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 03/19/2001

03/20/2001 MOTION - OTHER MOTION FILED BY DEFENDANT ON 03/19/2001

          MOTION FOR EVIDENTIARY HEARING REGARDING SUPPRESSION OF EVIDENCE.
03/20/2001 OTHER FILING - OTHER DOCUMENT FILED ON 03/19/2001

          AFFIDAVIT OF SHANE LESLIE WOOD.
03/20/2001 OTHER FILING - OTHER DOCUMENT FILED ON 03/19/2001

          AFFIDAVIT OF RONALD WOOD.
03/20/2001 OTHER FILING - OTHER DOCUMENT FILED ON 03/19/2001

          AFFIDAVIT OF KELLY KARTER, ASSESSOR AND TOWN CLERK OF VASALBORO.
03/20/2001 OTHER FILING - OTHER DOCUMENT FILED ON 03/19/2001

          AFFIDAVIT OF JON D. LISCOMB.
04/20/2001 HEARING - MOTION FOR FURTHER DISCOVERY SCHEDULED FOR 04/30/2001 @ 8:30

          NOTICE TO PARTIES/COUNSEL
04/20/2001 HEARING - MOTION FOR FURTHER DISCOVERY NOTICE SENT ON 04/20/2001

04/30/2001 HEARING - MOTION FOR FURTHER DISCOVERY HELD ON 04/30/2001
          S KIRK STUDSTRUP , JUSTICE
          Attorney: ROBERT SANDY
          DA: LARA NOMANI        Reporter: JANETTE COOK
          Defendant Present in Court
04/30/2001 MOTION - MOTION FOR FURTHER DISCOVERY UNDER ADVISEMENT ON 04/30/2001
          S KIRK STUDSTRUP , JUSTICE
05/04/2001 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 05/07/2001

          NOTICE TO PARTIES/COUNSEL
05/04/2001 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 05/04/2001

          NO OBJ BY AG
05/30/2001 Charge(s): 1,2,3,4,5
          TRANSFER - BAIL AND PLEADING REQUESTED ON 05/29/2001

          CERTIFIED COPY FORWARDED TO DISTRICT COURT
05/30/2001 Charge(s): 1,2,3,4,5
          TRANSFER - BAIL AND PLEADING GRANTED ON 05/29/2001
          NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE
06/06/2001 BAIL BOND - $50,000.00 SURETY BAIL BOND FILED ON 06/06/2001

          Bail Amt: $50,000          Surety Type: REAL ESTATE          Surety Value: $50,00
          County: KENNEBEC           County Book ID: 6308 Book Page: 39
          Date Bailed: 09/27/2000    Prvdr Name: SHANE WOOD
          Lien Issued: 09/27/2000    Rtrn Name: SHANE WOOD

Lien Discharged: 06/18/2003

## Conditions of Bail:

Refrain from possession or use of any unlawful drugs.

Not own, possess or use any firearm or dangerous weapon.

Submit to random search and testing for drugs, firearms, dangerous weapons upon reasonable suspicion of use or possession.

Have no contact with...

1   TROY   CORBIN
06/06/2001 Charge(s):  1,2,3,4,5
TRANSFER -  BAIL AND PLEADING RECVD BY COURT ON 06/06/2001

07/16/2001 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 08/08/2001 @ 9:00

NOTICE  TO PARTIES/COUNSEL
08/01/2001 MOTION -  MOTION FOR FURTHER DISCOVERY GRANTED ON 05/08/2001
S KIRK STUDSTRUP , JUSTICE
COPY TO PARTIES/COUNSEL

WITH REGARD TO PARAGRAPHS 3 AND
4 (STATEMENTS BY THE DEFENDANT MADE ON SEPTEMBER 25, 2000, AND UNCHARGED CRIMINAL CONDUCT
WHICH MIGHT BE ARGUED AT ANY SENTENCING FOLLOWING CONVICTION).
08/01/2001 MOTION -  MOTION FOR FURTHER DISCOVERY DENIED ON 05/08/2001
S KIRK STUDSTRUP , JUSTICE
COPY TO PARTIES/COUNSEL

WITH EXCEPTION OF PARAGRAPHS 3
AND 4.
08/07/2001 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 08/07/2001

MOTION TO EXCLUDE EVIDENCE OR TO CONTINUE TRIAL.
08/07/2001 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 08/07/2001

09/12/2001 MOTION -  MOTION TO CONTINUE GRANTED ON 08/08/2001

COPY TO PARTIES/COUNSEL

CASE CONTINUED, NO OBJECTION.
09/12/2001 OTHER FILING -  OTHER DOCUMENT FILED ON 08/29/2001

STATE'S RESPONSE TO DEFENDANT'S MOTIONS TO SUPPRESS AND REQUEST FOR TESTIMONIAL HEARING.
09/12/2001 OTHER FILING -  OTHER DOCUMENT FILED ON 08/30/2001

CASES FILED FOR REVIEW BY THE STATE.
09/12/2001 OTHER FILING -  COURT ORDER FILED ON 09/11/2001
NANCY  MILLS , SUPERIOR COURT CHIEF JUSTICE
COPIES TO PARTIES/COUNSEL

ORDER ON DEFENDANT'S MOTIONS TO
SUPPRESS AND REQUEST FOR A FRANK'S HEARING.
09/12/2001 HEARING -  MOTION TO SUPPRESS HELD ON 08/09/2001
NANCY  MILLS , SUPERIOR COURT CHIEF JUSTICE
Attorney: ROBERT SANDY

DA: LARA NOMANI          Reporter: JANETTE COOK
Defendant Present in Court

09/12/2001 HEARING - MOTION TO SUPPRESS NOT HELD ON 05/07/2001

09/12/2001 MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 08/09/2001

09/12/2001 MOTION - MOTION TO SUPPRESS DENIED ON 09/08/2001

COPY TO PARTIES/COUNSEL                                        THE DEFENDANT'S
REQUEST FOR A FRANK'S HEARING IS DENIED;          THE DEFENDANT'S MOTION TO
SUPPRESS EVIDENCE IS DENIED;            THE DEFENDANT'S MOTION TO SUPPRESS
STATEMENTS IS DENIED EXCEPT FOR THE DEFENDANT'S PROVIDING THE KEY TO THE SAFE TO MDEA
AGENT WOODMAN.

12/07/2001 TRIAL - JURY TRIAL SCHEDULED FOR 01/09/2002

NOTICE TO PARTIES/COUNSEL

                                        THROUGH FEBRUARY 28, 2002.
01/07/2002 MOTION - MOTION TO CONTINUE FILED BY STATE ON 01/04/2002

02/14/2002 TRIAL - JURY TRIAL CONTINUED ON 01/09/2002

03/27/2002 TRIAL - JURY TRIAL SCHEDULED FOR 04/03/2002 @ 9:00

NOTICE TO PARTIES/COUNSEL

                                        TO MAY 17, 2002
03/29/2002 Charge(s): 3
SUPPLEMENTAL FILING - SUPERSEDING INDICTMENT FILED ON 03/14/2002

GRAND JURY PRSENTED INDICTMENT WITH A CHANGE READING -...A SCHEDULE Z DRUG, IN A QUANTITY
IN EXCESS OF ONE POUND, AND AT THE TIME...

04/05/2002 MOTION - OTHER MOTION FILED BY STATE ON 04/02/2002

STATE'S MOTION TO MERGE INDICTMENT CR200-289 (SUPERCEDING INDICTMENT)     WITH CR 2000-
391.

04/05/2002 MOTION - OTHER MOTION GRANTED ON 04/02/2002
JOHN R ATWOOD , JUSTICE
Attorney: ROBERT SANDY
DA: LARA NOMANI          Reporter: LAURIE GOULD
Defendant Present in Court

COPY TO PARTIES/COUNSEL. STATES MOTION TO MERGE INDICTMENT W/00-391.
                                        BAIL POSTED IN CR 2000-391 WILL
APPLY TO NEW SUPERSEDING INDICTMENT AS WELL
                        FILE IS MAILED TO CHIEF JUSTICE NANCY MILLS TO ENTERTAIN THE
DEFENSE          REQUEST FOR HEARING ON MOTION TO SUPPRESS EVIDENCE.

04/05/2002 Charge(s): 6
HEARING - ARRAIGNMENT HELD ON 04/02/2002
JOHN R ATWOOD , JUSTICE
Attorney: ROBERT SANDY
DA: LARA NOMANI          Reporter: LAURIE GOULD
Defendant Present in Court

Printed on: 11/13/2003

READING WAIVED. DEFENDANT INFORMED OF CHARGES. COPY OF INDICTMENT/INFORMATION GIVEN TO DEFENDANT. 21 DAYS TO FILE MOTIONS

04/05/2002 Charge(s): 6
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 04/02/2002

04/05/2002 NOTE - OTHER CASE NOTE ENTERED ON 04/02/2002

CASE FILE MAILED TO CHIEF JUSTICE NANCY MILLS IN PORTLAND, MAINE. DEFENSE REQUEST FOR HEARING ON MOTION TO SUPPRESS EVIDENCE WAS INITIALLY ADDRESSED BY JUSTICE MILLS.

04/23/2002 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 04/22/2002

Attorney: ROBERT SANDY
FOR DEFENDANT REQUESTS COPIES OF MATERIALS DESCRIBING ANY TESTIMONY OR OTHER EVIFENCE INTEDED TO BE USED AGAINST THE DEFENANT; ANY WRITTEN OR RECORDED STATEMENTS AND THE SUBSTANCE OF ANY ORAL STATEMENTS MADE BY DEF; STATEMENT DESCRIBING ANY MATTER OR INFORMATION KNOWN TO THE ATY FOR THE STATE WHICH MAY NOT BE KNOWN TO THE DEF WHICH TENDS TO CREATE A REASONABLE DOUBT OF THE DEF GUILT.

04/23/2002 MOTION - MOTION TO PREPARE TRANSCRIPT FILED BY DEFENDANT ON 04/22/2002

Attorney: ROBERT SANDY
OF THE GRAND JURY PROCEEDINGS

04/23/2002 MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 04/22/2002

Attorney: ROBERT SANDY
FOR DEFENDANT MOVES THIS HONORABLE COURT TO SUPRESS ANY AND ALL EVIDENCE OBTAINED AS A RESULT OF A SEARCH OF DEF PREMISES AND OTHER PROPERTY ON 9/25/00 INC.BUT NOT LIMITED TO;PHYSICAL OBJECTS; STATEMENTS MADE; TEST RESULTS PERFORMED ON ANY PROPERTY.

04/26/2002 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 05/10/2002 @ 8:15

NOTICE TO PARTIES/COUNSEL

04/26/2002 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 04/26/2002

05/03/2002 Charge(s): 1,2,3,4,5,6
OTHER FILING - COURT ORDER FILED ON 05/03/2002
NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE
COPIES TO PARTIES/COUNSEL

CHIEF JUSTICE NANCY MILLS HAS THE FILE. ANY ARGUMENTS FROM COUNSEL ON THE TWO SEARCH WARRANT ISSUES WILL BE SUBMITTED IN WRITING BY MONDAY, MAY 13, 2002. MAIL ANY ARGUMENTS FILED TO JUSTICE MILLS IN PORTLAND, MAINE.
COPIES OF ORDER MAILED TO COUNSEL.

05/14/2002 OTHER FILING - MEMORANDUM OF LAW FILED ON 05/13/2002

BY ROBERT SANDY, ESQ. MAILED TO JUSTICE MILLS IN CUMBERLAND COUNTY.

05/30/2002 HEARING - OTHER MOTION SCHEDULED FOR 05/29/2001

ALL PENDING MOTIONS

05/30/2002 HEARING - OTHER MOTION HELD ON 05/29/2002
JOHN R ATWOOD , JUSTICE
Attorney: ROBERT SANDY
DA: LARA NOMANI          Reporter: TAMMY DROUIN
ALL PENDING MOTIONS

05/30/2002 HEARING - OTHER MOTION CONTINUED ON 05/29/2002

ALL PENDING MOTIONS

TELEPHONE CONFERENCE TO BE SET
UP WITH CHIEF JUSTICE NANCY MILLS.
06/03/2002 HEARING - MOTION FOR DISCOVERY HELD ON 05/30/2002
NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE
Reporter: DENNIS FORD
CONFERENCE CALL HELD IN CHAMBERS (ROBERT SANDY, ESQ. AND LARA NOMANI, AAG BY TELEPHONE.
ROBERT SANDY, ESQ. TO PREPARE ORDER.
06/03/2002 HEARING - MOTION TO PREPARE TRANSCRIPT HELD ON 05/30/2002
NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE
Reporter: DENNIS FORD
LARA NOMANI AND ROBERT SANDY, ESQ. BY TELEPHONE. CONFERENCE CALL HELD IN CHAMBERS.
COURT TO ISSUE ORDER.
06/04/2002 TRIAL - JURY TRIAL NOT HELD ON 04/03/2002

06/04/2002 MOTION - MOTION TO PREPARE TRANSCRIPT DENIED ON 05/31/2002
NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE
COPY TO PARTIES/COUNSEL                                              FOR REASONS
STATED ON THE RECORD, THE MOTION FOR TRANSCRIPT IS DENIED.
06/04/2002 HEARING - MOTION TO SUPPRESS NOT HELD ON 05/29/2002

MOTION TO SUPPRESS MAILED TO JUSTICE MILLS AND SHE RETURNED THE MOTION TO SUPPRESS
STATING SHE DID NOT ACT ON THIS MOTION.
06/05/2002 MOTION - MOTION FOR DISCOVERY GRANTED ON 06/04/2002
NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE
COPY TO PARTIES/COUNSEL
06/11/2002 OTHER FILING - COURT ORDER FILED ON 06/11/2002
NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE
COPIES TO PARTIES/COUNSEL                                          THE DEFENDANT'S
MOTION TO SUPPRESS EVIDEMCE OBTAINED FROM THE EXECUTION OF THE SEARCH WARRANT IS DENIED.
07/24/2002 Charge(s): 1,2,3,4,5,6
TRIAL - JURY TRIAL SCHEDULED FOR 04/03/2002

NOTICE TO PARTIES/COUNSEL, CALL OF THE DOCKET, DEFENSE REQUESTS CONTINUANCE.
07/24/2002 Charge(s): 1,2,3,4,5,6
TRIAL - JURY TRIAL CONTINUED ON 04/03/2002

07/25/2002 MOTION - MOTION TO SUPPRESS EVIDENCE DENIED ON 06/11/2002
NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE
COPY TO PARTIES/COUNSEL, THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED FROM THE
EXECUTION OF THE SEARCH WARRANT IS DENIED.
07/25/2002 MOTION - MOTION TO CONTINUE GRANTED ON 01/09/2002

COPY TO PARTIES/COUNSEL
07/25/2002 MOTION - OTHER MOTION GRANTED ON 08/08/2001

MOTION TO EXCLUDE EVIDENCE OR TO CONTINUE TRIAL.
07/25/2002 MOTION - MOTION TO CONTINUE GRANTED ON 05/04/2001

COPY TO PARTIES/COUNSEL
07/25/2002 MOTION - OTHER MOTION MOOT ON 03/19/2002

Printed on: 11/13/2003

MOTION FOR EVIDENTIARY HEARING REGARDING SUPPRESSION OF EVIDENCE.
07/25/2002 MOTION -  OTHER MOTION GRANTED ON 12/06/2000

DEFT.'S MOTION FOR SUMMONS UPON INDICTMENT, WITH PROPOSED ORDER.
07/31/2002 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 08/13/2002
S KIRK STUDSTRUP , JUSTICE
NOTICE  TO PARTIES/COUNSEL WERE MAILED ON 7/23/02.
08/01/2002 HEARING -  MOTION TO SUPPRESS NOT HELD ON 08/01/2002

THIS MOTION TO SUPRESS HEARING IS MOOT. ORIGINAL FILING OF MOTION WENT BEFORE JUSTICE
MILLS AND WAS DENIED.
08/30/2002 LETTER -  REQUEST FOR PROTECTION FILED ON 08/30/2002

DA:  LARA NOMANI
ATTORNEY NOMANI REQUESTS PROTECTION UNTIL SEPTEMBER 20,2002 AS THE LEAD INVESTIGATOR IS ON
MILITARY DUTY THROUGH SEPTEMBER 20TH. ALSO REQUESTING A PRE-TRIAL CONFERENCE TO DISCUSS
VARIOUS EVIDENTIARY MATTERS.
09/26/2002 Charge(s):  1,2,3,4,5,6
TRIAL -  JURY TRIAL SCHEDULED FOR 09/04/2002

NOTICE TO PARTIES/COUNSEL
09/26/2002 Charge(s):  1,2,3,4,5,6
TRIAL -  JURY TRIAL NOT REACHED ON 09/04/2002

09/26/2002 Charge(s):  1,2,3,4,5,6
HEARING -  RULE 11 HEARING SCHEDULED FOR 09/26/2002 @ 1:00

NOTICE TO PARTIES/COUNSEL
09/26/2002 Charge(s):  1,2,3,4,5,6
HEARING -  RULE 11 HEARING HELD ON 09/26/2002 @ 1:00
DONALD H MARDEN , JUSTICE
Attorney: ROBERT SANDY
DA:  LARA NOMANI          Reporter: LAURIE GOULD
Defendant Present in Court

READING WAIVED
09/26/2002 Charge(s):  1,6
MOTION -  MOTION TO AMEND INDICTMENT FILED BY STATE ON 09/26/2002

09/26/2002 Charge(s):  1,6
MOTION -  MOTION TO AMEND INDICTMENT GRANTED ON 09/26/2002

COPY TO PARTIES/COUNSEL
09/26/2002 Charge(s):  1
PLEA -  GUILTY ENTERED BY DEFENDANT ON 09/26/2002

09/26/2002 Charge(s):  1
PLEA -  GUILTY ACCEPTED BY COURT ON 09/26/2002

09/26/2002 Charge(s):  4,5,6
PLEA -  NOLO ENTERED BY DEFENDANT ON 09/26/2002

09/26/2002 Charge(s): 4,5,6
PLEA - NOLO ACCEPTED BY COURT ON 09/26/2002

09/26/2002 Charge(s): 1,4,5,6
FINDING - GUILTY ENTERED BY COURT ON 09/26/2002

09/26/2002 Charge(s): 1,4,5,6
FINDING - GUILTY CONT FOR SENTENCING ON 09/26/2002

CONTINUED FOR 1 MONTH, SENTENCING WILL BE SCHEDULED IN WALDO COUNTY IN FRONT OF JUSTICE
MARDEN.
09/27/2002 BAIL BOND - SURETY BAIL BOND CONTINUED AS SET ON 09/26/2002

BAIL TO BE CONTINUED AS SET
11/27/2002 MOTION - MOTION TO CONTINUE FILED BY STATE ON 11/25/2002

11/27/2002 MOTION - MOTION TO CONTINUE GRANTED ON 11/25/2002
DONALD H MARDEN , JUSTICE
COPIES TO PARTIES/COUNSEL                                                    WITHOUT
OBJECTION OF THE PARTIES.
11/27/2002 HEARING - SENTENCE HEARING SCHEDULED FOR 12/17/2002 @ 8:15

NOTICE TO PARTIES/COUNSEL
11/27/2002 HEARING - SENTENCE HEARING NOTICE SENT ON 11/27/2002

12/18/2002 HEARING - SENTENCE HEARING SCHEDULED FOR 12/31/2002 @ 8:15

NOTICE TO PARTIES/COUNSEL
12/18/2002 HEARING - SENTENCE HEARING NOTICE SENT ON 12/18/2002

02/28/2003 HEARING - SENTENCE HEARING SCHEDULED FOR 03/31/2003 @ 8:15

NOTICE TO PARTIES/COUNSEL
02/28/2003 HEARING - SENTENCE HEARING NOTICE SENT ON 02/28/2003

03/27/2003 Charge(s): 1
CHARGE - AMENDMENT ENTERED BY COURT ON 03/27/2003

ORIG. CHARGE:AGGRAVATED TRAFFICK OR FURNISH SCHEDULE DRUGS CLASS A
03/27/2003 Charge(s): 6
CHARGE - AMENDMENT ENTERED BY COURT ON 03/27/2003

ORIG. CHARGE:AGGRAVATED TRAFFICK OR FURNISH SCHEDULE DRUGS CLASS B
04/17/2003 HEARING - SENTENCE HEARING CONTINUED ON 03/27/2003

04/17/2003 HEARING - SENTENCE HEARING CONTINUED ON 11/25/2002
DONALD H MARDEN , JUSTICE
04/17/2003 HEARING - SENTENCE HEARING CONTINUED ON 12/17/2002

04/17/2003 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 03/27/2003

04/17/2003 MOTION - MOTION TO CONTINUE GRANTED ON 03/27/2003
DONALD H MARDEN , JUSTICE

COPIES TO PARTIES/COUNSEL
04/17/2003 MOTION - MOTION FOR RETURN OF PROPERTY FILED BY DEFENDANT ON 03/27/2003

04/17/2003 HEARING - MOTION FOR RETURN OF PROPERTY SCHEDULED FOR 03/31/2003 @ 8:30

NOTICE TO PARTIES/COUNSEL
04/17/2003 HEARING - MOTION FOR RETURN OF PROPERTY HELD ON 03/31/2003
DONALD H MARDEN , JUSTICE
Attorney: ROBERT SANDY
DA: LARA NOMANI          Reporter: PHILIP GALUCKI
Defendant Present in Court

SEE JUDGE'S ORDER DATED 3/31/03
04/18/2003 LETTER - FROM NON-PARTY FILED ON 04/08/2003

FILED BY CHIEF DEPUTY RANDALL LIBERTY STATING THAT THE KSO CONDUCTED A DILIGENT SEARCH FOR
THE ORIGINAL FEDERAL WEAPONS REGISTRATIONS BELONGING TO SHANE WOOD. UPON CONCLUDING THE
SEARCH, WE WERE UNABLE TO LOCATE THE REGISTRATIONS. THE SEARCH CONDUCTED WAS THOROUGH AND
COMPLETE.
05/08/2003 OTHER FILING - SENTENCING MEMORANDUM FILED BY DEFENDANT ON 05/08/2003

Attorney: ROBERT SANDY
05/08/2003 OTHER FILING - SENTENCING MEMORANDUM FILED BY STATE ON 05/08/2003

05/09/2003 Charge(s): 1
RULING - ORIGINAL ORDERED ON 05/09/2003
DONALD H MARDEN , JUSTICE
Attorney: ROBERT SANDY
DA: LARA NOMANI          Reporter: LAURIE GOULD
Defendant Present in Court

INSERTED VIA FEE PROCESSING
It is adjudged that the defendant is guilty of 1 MARIJUANA CULTIVATION 17-A 1117(2)(B) Class
C as charged and convicted.

The defendant is sentenced to the DEPARTMENT OF CORRECTIONS for a term of 5 year(s).

Execution stayed to on or before: 06/09/2003 at 06:00.

It is ordered that all but 9 month(s) 1 day(s) of the sentence as it relates to confinement be
suspended.

It is ordered that the defendant be placed on a period of probation for a term of 3 year(s) upo
conditions attached hereto and incorporated by reference herein.

Said Probation to commence after completion of the unsuspended term of imprisonment.

It is ordered that the defendant forfeit and pay the sum of $220.00 as restitution through
Probation.

For the benefit of :
M.D.E.A.  Amount $220

$ 25 VICTIMS COMPENSATION FUND
**TOTAL DUE:$ 25.00.**

## Special Conditions of Probation:

1.  refrain from all criminal conduct and violation of federal, state and local laws.
2.  report to the probation officer immediately and thereafter as directed and within 48 hours of your release from jail.
3.  answer all questions by your probation officer and permit the officer to visit you at your home or elsewhere.
4.  obtain permission from your probation officer before changing your address or employment.
5.  not leave the State of Maine without written permission of your probation officer.
6.  maintain employment and devote yourself to an approved employment or education program.
7.  not possess or use any unlawful drugs.
8.  identify yourself as a probationer to any law enforcement officer if you are arrested, detained or questioned for any reason and notify your probation officer of that contact within 24 hours.
9.  waive extradition back to the State of Maine from any other place.
10. not own, possess or use any firearm or dangerous weapon if you have ever been convicted of a crime in any jurisdiction with a potential penalty of one year or more or any crime involving domestic violence or the use of a firearm or dangerous weapon.

pay to the Department of Corrections a supervision fee of $      10.00 per month.

provide a DNA sample as required.

submit to random search and testing for drugs at the direction of a probation or law enforcement officer.

pay restitution as stated earlier.

PHARMACY CONDTIONS: PRESCRIBED MEDS BY A PHYSICIAN TAKEN AS DIRECTED; ALL MEDS PRESCRIBED MUST BE KNOWN TO PPO; EXECUTE MED RELEASE FORM; USE/DESIGNATE ONE PHARMACY; KEEP PROOF OF ALL PRESCRIBED NARCOTICS ON PERSON AT ALL TIMES.

Have no contact of any kind with TROY CORBIN and the family of said person.

05/09/2003 Charge(s):  6
RULING - ORIGINAL ORDERED ON 05/09/2003
DONALD H MARDEN , JUSTICE
Attorney:  ROBERT SANDY
DA:  LARA NOMANI        Reporter: LAURIE GOULD
Defendant Present in Court

INSERTED VIA FEE PROCESSING
It is adjudged that the defendant is guilty of 6 UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS 17-A 1103(1) Class C as charged and convicted.

The defendant is sentenced to the KENNEBEC COUNTY JAIL for a term of 6 month(s).

This sentence to be served concurrently with: AUGSCCR200000391  Charge: 1

Execution stayed to on or before: 06/09/2003 at 06:00.
$ 25 VICTIMS COMPENSATION FUND
**TOTAL DUE:$ 25.00.**

06/03/2003 Charge(s):  1
          RULING -  ORIGINAL ISSUED ON 05/09/2003
          DONALD H MARDEN , JUSTICE
          Attorney:  ROBERT SANDY
          DA:  LARA NOMANI          Reporter: LAURIE GOULD
          Defendant Present in Court


          DEFENDANT ACKNOWLEDGES RECEIPT
06/03/2003 Charge(s):  6
          RULING -  ORIGINAL ISSUED ON 05/09/2003
          DONALD H MARDEN , JUSTICE
          Attorney:  ROBERT SANDY
          DA:  LARA NOMANI          Reporter: LAURIE GOULD
          Defendant Present in Court


          DEFENDANT ACKNOWLEDGES RECEIPT
06/03/2003 Charge(s):  1
          ABSTRACT -  SBI EDI ON 06/03/2003


          LAST EDI SENT: 06/03/2003 21:30:55
06/03/2003 Charge(s):  6
          ABSTRACT -  SBI EDI ON 06/03/2003


          LAST EDI SENT: 06/03/2003 21:30:57
06/18/2003 BAIL BOND -  SURETY BAIL BOND BAIL RELEASED ON 06/18/2003


          Date Bailed: 09/27/2000
          Lien Issued: 09/27/2000 .
06/20/2003 OTHER FILING -  OTHER DOCUMENT FILED ON 06/18/2003


          REBECCA WOOD-THIRD PARTY REQUEST FOR HEARING AND AFFIDAVIT              REBECCA WOOD ON
          BEHALF OF ALEX WOOD REQUEST FOR HEARING AND AFFIDAVIT      REBECCA WOOD ON BEHALF OF RYAN
          WOOD REQUEST FOR HEARING AND AFFIDAVIT      ELIZABETH MYRON REQUEST FOR HEARING AND
          AFFIDAVIT
07/15/2003 Charge(s):  4,5,7
          HEARING -  CRIMINAL FORFEITURE SCHEDULED FOR 07/11/2003


          NOTICE TO PARTIES/COUNSEL
07/15/2003 Charge(s):  4,5,7
          HEARING -  CRIMINAL FORFEITURE HELD ON 07/11/2003
          DONALD H MARDEN , JUSTICE
          Attorney:  ROBERT SANDY
          DA:  LARA NOMANI          Reporter: LAURIE GOULD
          Defendant Present in Court


          COUNSEL IS TO FILE CITES OF LAW TO ENABLE A WRITTEN DECISION, MATERIALS TO THE COURT BY
          9/1/03 ALLOWING RESPONSE BY 9/15.
07/15/2003 CASE STATUS -  CASE FILE LOCATION ON 07/15/2003
          DONALD H MARDEN , JUSTICE

09/05/2003 CASE STATUS - CASE FILE RETURNED ON 08/25/2003

09/05/2003 OTHER FILING - OTHER DOCUMENT FILED ON 09/02/2003

       DA:  LARA NOMANI
       STATE'S MEMORANDUM      GIVEN TO JUSTICE MARDEN
10/23/2003 OTHER FILING - OTHER DOCUMENT FILED ON 10/21/2003

       MEMORANDUM OF ANCILLARY THIRD PARTIES IN OPPOSITION TO FORFEITURE OF     SEIZED PROPERTY
11/13/2003 ORDER -  COURT ORDER ENTERED ON 11/13/2003
       DONALD H MARDEN , JUSTICE
11/13/2003 MOTION -  MOTION FOR RETURN OF PROPERTY DENIED ON 11/13/2003
       DONALD H MARDEN , JUSTICE
       COPIES TO PARTIES/COUNSEL


**Receipts**
    05/09/2003       Case Payment          $50.00            paid.

A TRUE COPY
ATTEST: _____
           Clerk